Filed 2/18/21  P. v. Bickham CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LEANDRE BICKHAM,<br><br>    Defendant and Appellant. | D076558<br><br><br>(Super. Ct. Nos.<br>  SCE377438, SCE382576) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert O. Amador, Judge.  Affirmed, remanded with directions.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, Michael Pulos and Teresa Torreblanca, Deputy Attorneys General, for the Plaintiff and Respondent.

Leandre Bickham pleaded guilty in two separate cases.  In case No. SCE377438 he pleaded guilty to three counts of robbery with personal use of

a firearm (Pen. Code,[1] §§ 211, 12022.53, subd. (b); counts 1, 5, 6); carrying a loaded firearm in a public place (§ 25850, subd. (a); count 2); possession of ammunition by a prohibited person (§ 30305, subd. (a)(1); count 3); possession of a firearm by a felon (§ 29800, subd. (a)(1); counts 4, 10); kidnapping with personal use of a firearm (§§ 207, subd. (a), 12022.53, subd. (b); counts 7, 8); and assault with intent to commit mayhem with personal use of a firearm (§§ 220, subd. (a)(1), 12022.53, subd. (b); count 9).  He admitted allegations that he committed counts 1 through 3 and 5 through 9 while on parole and while on parole following a term of imprisonment for robbery (§ 1203.085, subds. (a), (b)), and that he suffered a prior serious felony conviction (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)) as well as two prior strike convictions (§§ 667, subd. (b)-(i), 668, 1170.12).

In case No. SCE382576, Bickham pleaded guilty to robbery with personal use of a firearm (§§ 211, 12022.53, subd. (b); count 1) and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2).  He admitted allegations that he committed both counts while on parole and while on parole following a term of imprisonment for robbery (§ 1203.085, subds. (a), (b)), and that he suffered a prior serious felony conviction (§ 667, subd. (a)) as well as two prior strike convictions (§§ 667, subd. (b)-(i), 1170.12).

Before pleading guilty, Bickham faced a maximum prison term of 160 years.  In exchange for his plea, the two cases were "wrapp[ed]" and his sentence range was set between 18 and 23 years.

Bickham moved to withdraw his guilty pleas, but the trial court denied the motions.  It sentenced Bickham in case No. SCE377438 to 22 years in prison, and in case No. SCE382576 to a consecutive one-year prison term.

---

[1]    Undesignated statutory references are to the Penal Code.

2

Additionally, in case No. SCE377438, the court orally imposed on Bickham a $10,000 restitution fine (§ 1204.4, subd. (b)), a $10,000 parole revocation fine (§ 1202.45), a $360 court security fee (§ 1465.8), a $270 criminal conviction fee (Gov. Code, § 70373), a $154 criminal justice administration fee (Gov. Code, § 29550), a $39 crime prevention (theft) fine (§ 1202.5), plus direct victim restitution.

The court in case No. SCE382576 orally imposed on Bickham a $1,000 restitution fine (§ 1204.4, subd. (b)), a $1,000 parole revocation fine (§ 1202.45), a $120 court security fee (§ 1465.8), a $90 criminal conviction fee (Gov. Code, § 70373), a $154 criminal justice administration fee (Gov. Code, § 29550), a $39 crime prevention (theft) fine (§ 1202.5),[2] plus direct victim restitution.

Bickham contends: (1) his two defense attorneys provided ineffective assistance by failing to request the trial court consolidate the two cases in order to avoid the imposition of duplicative fines; and (2) the abstract of judgment did not correctly reflect the court's oral pronouncement of the fines, fees and assessments. The People concede and we agree that the second argument has merit. We affirm the judgment of conviction but remand for the trial court to modify the abstract of judgment.[3]

---

[2] The court orally imposed crime prevention fines of $39 per case; however, section 1202.5, subdivision (a) specifies that the fine is $10 per case.

[3] A petition for writ of habeas corpus (D077457) and the motion to consolidate it with D076558 are considered with this appeal. This appeal and the writ petition raise the same issues. We deny the writ petition by separate order.

3

## FACTUAL AND PROCEDURAL BACKGROUND

We take the factual summary from the probation report. The prosecutor charged Bickham with the present offenses in two separate cases. In both cases Bickham pointed a gun at the victims, strangers to him, and demanded property. In the first case, he robbed the victims inside a business, took money from the cash register and forced the two female victims inside a bathroom where he began to force one victim to orally copulate him, but the victim got away.

In the second case, Bickham robbed the victim at gunpoint. When police apprehended him, he still possessed the victim's property. Police also found in Bickham's backpack a stolen phone (from case No. SCE382576), and .32-caliber handgun with ammunition.

Before Bickham entered into his plea agreement, the People moved to consolidate the two cases, but the court never ruled on the motion and his defense attorneys did not request the court consolidate the cases.

In a hearing on Bickham's motion to withdraw his guilty plea, one of Bickham's attorneys explained some of the challenges he faced in negotiating Bickham's plea deal. Specifically, Bickham was concerned based on one of the cases that he not be charged and convicted of a sex crime and be housed in a different part of the prison or jail, and the prosecutor took that into account in the plea deal Bickham received. Further, during the pendency of these cases, the federal government indicted Bickham on multiple robbery charges. Defense counsel also stated that consolidating Bickham's cases would have presented an additional difficulty: "[T]here was talk about joining the two cases, . . . I told the People if they make that [motion], I'm not representing [Bickham] on the other case, so one or—one of the lawyers

4

would have to get off. And so that was another conversation that we had about one of the difficulties going forward."

The court in denying Bickham's motion to withdraw his plea pointed out that one of Bickham's attorneys had obtained an extremely favorable result for Bickham: "Mr. Weston is an extremely experienced attorney. . . . He is an excellent attorney. He is, by his own statement, very skilled and learned in both state and federal court. And . . . in looking at the sentencing brief that has been presented by the probation department where the recommendation is 75 years to life, plus 45 years, where the plea on this is between 18 and 23 years, . . . he did a very good job for Mr. Bickham in securing this plea[.]"

DISCUSSION

I.

Bickham contends: "Had [his] attorneys moved for consolidation, it is reasonably likely the government would not have objected and the court would have granted the request, saving [him] from the imposition of double fines." Instead, the court imposed restitution fines under section 1204.4 of $10,000 in case No. SCE377438 (the statutory maximum) and $1,000 in case No. SCE382576. The court also ordered Bickham to pay a $39 crime prevention fine under section 1202.5 in both cases and a $154 criminal justice administration fee under Government Code section 29550 in each case. Bickham therefore requests that this court order the two cases consolidated.

To prove counsel provided ineffective assistance, a defendant must show both that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and the deficient performance prejudiced him. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) "Judicial scrutiny of counsel's performance must be highly deferential.

5

It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [Citation.] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (*Id.* at p. 689.) We accord great deference to counsel's tactical decisions. (*People v. Jones* (2003) 29 Cal.4th 1229, 1254.)

"Defendant must also show that if counsel's performance fell below acceptable standards in some respect, a reasonable probability exists that a more favorable outcome would have been reached absent the deficient performance. [Citation.] That probability must be one sufficient to undermine confidence in the outcome of the trial." (*People v. Karis* (1988) 46 Cal.3d 612, 656.) In considering a claim of ineffective assistance of counsel, it is not necessary to determine " 'whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.' " (*In re Fields* (1990) 51 Cal.3d 1063, 1079, quoting *Strickland, supra,* 466 U.S. at p. 697.)

In light of the testimony of Bickham's counsel involving the complexities of reaching a plea bargain in this case, defense counsel might well have made the reasonable, tactical decision not to risk unraveling the

6

agreement with a request for consolidation for purposes of reducing fines, fees and assessments. As noted, the court recognized that defense counsel had obtained an extremely favorable deal for Bickham. Bickham does not meet his burden of showing ineffective assistance by speculating that he would have received a more favorable outcome if defense counsel had sought to consolidate the cases merely for purposes of reducing the fines, fees and assessments. There is no basis for concluding the prosecutor would have agreed to such a proposal, especially in light of the serious charges Bickham faced. The fact that the prosecutor had made the motion to consolidate the cases for purposes of trial did not make it reasonably probable the prosecutor would agree to consolidation otherwise. Additionally, defense attorneys could have reasonably concluded the court would not likely have agreed to the motion and therefore they elected not to bring it. (Accord, *People v. Mitcham* (1992) 1 Cal.4th 1027, 1058 ["Counsel's failure to move for severance on the grounds presently asserted on appeal might well have resulted from counsel's reasonably assuming that such a motion would have been denied"].)

## II.

The People concede and we agree that the abstract of judgment does not correctly reflect the court's oral pronouncement of judgment. "Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error." (*People v. Leon* (2020) 8 Cal.5th 831, 855.)

Specifically, the abstract of judgment reflects concurrent sentences of six years on counts 5 and 6; however, the court orally imposed concurrent four-year terms on those counts. The abstract of judgment reflects that the court stayed the count 4 sentence; however, the court orally imposed a concurrent term of four years on that count. The abstract of judgment

7

reflects that Bickham's convictions for possession of a firearm by a felon in count 10 in case No. SCE377438 and count 2 in case No. SCE382576 were stayed under section 654; however, the superior court did not orally stay either of those counts. It is unclear whether the court intended to stay those sentences or run them concurrently. (See *People v. Jones* (2002) 103 Cal.App.4th 1139, 1144-1145 ["multiple punishment is improper where the evidence 'demonstrates at most that fortuitous circumstances put the firearm in the defendant's hand only at the instant of committing another offense' " but "section 654 is inapplicable when the evidence shows that the defendant arrived at the scene of his or her primary crime already in possession of the firearm"].) The abstract of judgment also fails to reflect that the court sentenced Bickham on count 7 under sections 667 or 1170.12 in case No. SCE377438.

The abstract of judgment lists a $440 court operations assessment under section 1465.8; however, the court orally imposed a $480 assessment under that code section ($360 and $120). The abstract of judgment lists a $330 conviction assessment under Government Code section 70373; however, the court orally imposed a $360 conviction fee/critical needs fee ($270 and $90) under that statute. Finally, the crime prevention fees (theft fees) under section 1202.5 are not reflected on the abstract of judgment. The matter is remanded to the trial court to amend the abstract of judgment, and to clarify if it intended to stay the sentence on count 10 in case No. SCE377438 and count 2 in case No. SCE382576.

8

DISPOSITION

The judgment is affirmed. The matter is remanded to the trial court with directions that it amend the abstract of judgment consistent with this opinion, clarify if it intended to stay the sentence on count 10 in case No. SCE377438 and count 2 in case No. SCE382576, and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.